*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DWIGHT ANDREW JONES,

       Defendant-Appellant.

UNPUBLISHED
November 19, 2020

No. 349105
Wayne Circuit Court
LC No. 18-002173-01-FC

Before: GLEICHER, P.J., and K. F. KELLY and SHAPIRO, JJ.

K. F. KELLY, J. (*concurring and dissenting*).

I join in the majority opinion in all respects except sentencing. Rather, I would conclude that the trial court did not abuse its discretion by imposing consecutive sentences.

As the majority observes, a trial court's decision whether to impose a discretionary consecutive sentence is reviewed for an abuse of discretion. *People v Norfleet*, 317 Mich App 649, 654; 897 NW2d 195 (2016). Although concurrent sentencing is the norm, a consecutive sentence may be imposed only if specifically authorized by statute, *People v Ryan*, 295 Mich App 388, 401; 819 NW2d 55 (2012), and consecutive sentencing applicable to this case is set forth in MCL 750.520b(3). The purpose of consecutive-sentencing statutes is to deter individuals from committing multiple crimes by removing the security of concurrent sentences, and the Legislature intended real and substantial consequences by authorizing the imposition of lengthy prison terms. *Ryan*, 295 Mich App at 408.

In this case, the trial court justified its imposition of consecutive sentences by commenting on the egregious nature of defendant's conduct, which involved multiple acts of sexual penetration committed against defendant's own five-year-old daughter, the court's opinion that defendant was a sexual predator, and the absurdity of defendant's defense that he simply awoke to find his daughter's mouth on his penis. Indeed, the record indicates that defendant removed his child from her siblings and committed multiple acts of penetration, including vaginal penetration that caused her to bleed. Further, defendant merely asserted that he was asleep naked and awoke to find the victim touching his penis and part of his penis was in her mouth. Defendant opined that the victim was not being "all the way truthful." Under the circumstances, the trial court adequately articulated

-1-

its reasons for ordering defendant's sentences to be served consecutively, and I cannot conclude that the sentences imposed were outside the range of reasonable and principled outcomes.

I would affirm defendant's convictions and sentences.

/s/ Kirsten Frank Kelly